IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  16-cv-00395-PAB-MJW

ESTATE OF VIOLA MAY SEARCY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**REPORT & RECOMMENDATION ON
PLAINTIFF'S MOTION TO QUASH (Docket No. 3)
&
UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO QUASH
(DOCKET NO. 11) [CONSTRUED AS A MOTION TO REMAND]**

**MICHAEL J. WATANABE
United States Magistrate Judge**

Viola Searcy passed away.  Her son, James Searcy, is the personal representative of the estate.  Her daughter, Roberta Ann Skyler, owes federal taxes.  The Internal Revenue Service ("IRS") served a notice of levy on the estate, seeking to garnish any inheritance due to Ms. Skyler—but Ms. Skyler has disclaimed any interest in the inheritance.  It is Mr. Searcy's position that there is therefore nothing for the IRS to garnish.

Mr. Searcy filed a motion in Mesa County Combined Courts, seeking to quash the notice of levy.  (Docket No. 3.)  The federal government removed to this Court (Docket No. 1), and now seeks to dismiss the motion for lack of subject-matter jurisdiction (Docket No. 11).

2

The government is correct.  Generally speaking, neither this Court nor any other has jurisdiction to intervene in a pending IRS levy.  *See* 26 U.S.C. § 7421(a) ("no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed").

There are several exceptions to that jurisdictional bar, but only one is arguably relevant here.  A third party claiming an interest in levied property can challenge a levy "without regard to whether such property has been surrendered to or sold by the Secretary." 26 U.S.C. § 7426(a)(1).  But such suits must be brought in federal district court.  *Id.*  Further, the government's removal to federal court does not confer subject-matter jurisdiction.  *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970).  Mr. Searcy's proper remedy is not moving to quash in state court, but rather bringing a separate action in this Court—properly serving the United States and otherwise meeting the prerequisites of § 7426(a)(1).

Mr. Searcy appears to argue that the government should not be allowed to make its jurisdictional argument, because it is the government that removed to this Court in the first place.  This is presumably a sort of estoppel argument.  But estoppel cannot create subject-matter jurisdiction where there otherwise is none.  *Hansen v. Harper*

3

*Excavating, Inc.*, 641 F.3d 1216, 1227-28 (10th Cir. 2011); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings.").

Finally, Mr. Searcy argues that if this Court lacks subject-matter jurisdiction, it cannot act on the motion to quash before remanding. This may be true, but it does little to help Mr. Searcy. A court always has "jurisdiction to determine jurisdiction," and the matters adjudicated in doing so are just as binding as in any other determination. *See Shepard v. Holder*, 678 F.3d 1171, 1180-81 (10th Cir. 2012); *In re Water Rights of Elk Dance Colo., LLC*, 139 P.3d 660, 670-71 (Colo. 2006); *Salida School Dist. R-32-J v. Morrison*, 732 P.2d 1160 (Colo. 1987). The Court's order remanding this case will establish that the motion to quash is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). That determination effectively precludes the motion to quash from being granted, even though this Court has no jurisdiction to actually deny the motion.

## **Recommendation**

It is RECOMMENDED that:

- The United States' Response in Opposition to Motion to Quash and Set Aside Notice of Levy (Docket No. 11), which is construed as a motion to remand, be GRANTED; and

- Plaintiff's Motion to Quash (Docket No. 3), be DENIED insofar as the Court has no jurisdiction to grant the relief requested; and

- This case be REMANDED to Mesa County Combined Courts for lack of subject-matter jurisdiction.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   March 28, 2016                  */s/ Michael J. Watanabe*
         Denver, Colorado                  Michael J. Watanabe
                                                         United States Magistrate Judge